**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DORA HARING ANDERSON,<br><br>Plaintiff,<br><br>v.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>Defendant. | Civil Action No.<br><br><br><br>COMPLAINT |

Complaint for Long Term Disability Benefits

Plaintiff Dora Haring Anderson, through counsel, brings this action against The Prudential Insurance Company of America and alleges:

**Nature of the Action**

1. This is an action under Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132(a)(1)(B), to recover long term disability benefits, enforce rights under the governing employee benefit plan, and clarify rights to future benefits.

2. Prudential approved Plaintiff's long term disability claim in 2023, then terminated benefits effective October 27, 2024. Plaintiff challenges that termination and seeks benefits for the periods in which she satisfies the Plan's requirements, together with appropriate interest, attorney's fees, and costs.

**Parties Jurisdiction and Venue**

3. Plaintiff Dora Haring Anderson resides in Sinking Spring, Berks County, Pennsylvania. Prudential's claim records also identify her as Dora M. Haring-Anderson.

4. Defendant The Prudential Insurance Company of America (Prudential) insured the long term disability coverage at issue and administered Plaintiff's benefit claim and administrative reviews and issued the challenged termination.

5. Ingram Industries Inc. maintained the Ingram Employee Benefits Plan (Plan), an employee welfare benefit plan governed by ERISA. The Plan provided long term disability coverage through Prudential Group Policy No. 51339. Plaintiff was an employee covered under Ingram's long term disability coverage.

6. Plaintiff is a participant entitled to bring this action under 29 U.S.C. § 1132(a)(1)(B). Prudential exercised authority over the challenged benefit determination and bears the insurance obligation at issue.

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1) and (f).

8. Venue is proper under 29 U.S.C. § 1132(e)(2) because the alleged breach occurred in this District. Plaintiff resided in Sinking Spring, Berks County, when Prudential approved and later terminated her benefits. Prudential addressed its approval and termination notices to her there. On information and belief, the benefits withheld from Plaintiff were payable to her at her residence in this District.

9. Prudential is subject to personal jurisdiction through ERISA's nationwide service provision, 29 U.S.C. § 1132(e)(2), and Federal Rule of Civil Procedure 4(k)(1)(C). Prudential is a United States insurance company that administered the claim and undertook the obligation to pay the benefits sought here.

**The Plan and Plaintiff's Disability Claim**

10. Plaintiff worked as a PTO/CDF Specialist. Prudential's termination letter describes the material duties of that regular occupation as lifting and carrying up to 50 pounds through a full range of motion, with 1–25 pounds continuously, 26–40 pounds frequently, and 41–50 pounds occasionally.

11. Plaintiff stopped working in January 2023 after a motor vehicle accident caused fractures of her left forearm and hand. She underwent surgical repair and later removal of hardware.

12. The Plan provides an initial regular occupation definition of disability and a later gainful occupation definition. During the first 24 months of payments, the certificate requires that, due to sickness or injury, the claimant either be unable to perform the material and substantial duties of the regular occupation as normally performed or have a loss of at least 20 percent of monthly earnings, and that the claimant be under the regular care of a doctor.

13. After 24 months of payments, the certificate applies the requirement that the same sickness or injury prevent performance of the duties of any gainful occupation for which the claimant is reasonably fitted by education, training, or experience, together with regular care. Benefits and working earnings remain subject to the Plan's applicable terms, limitations, and offsets.

14. Prudential approved Plaintiff's LTD claim in June 2023. Its June 15 approval letter identified a gross monthly benefit of $2,395.12 before applicable reductions. Prudential subsequently recorded June 19, 2023 as the initial benefit date.

15. Plaintiff continued to have restrictions involving left arm strength, lifting, and rotation. Those limitations impaired her ability to meet the lifting and carrying demands of her regular occupation.

16. Prudential obtained conflicting medical opinions about Plaintiff's capacity. Dr. Craig O'Neill provided an October 2024 questionnaire supporting full time work without restrictions. Dr. Beverly Niehls provided contrary lifting restrictions. Her October 26, 2024 questionnaire supported full time eight hour shifts, but limited lifting of 10 and 20 pounds to occasional and marked lifting of 50 pounds as never. Her February 12, 2025 statement identified reduced left arm strength and range of motion, lifting up to 25 pounds occasionally, and no lifting of 50 pounds.

17. The limitations identified by Dr. Niehls are incompatible with the regular occupation's demands as Prudential described them, including frequent lifting of 26–40 pounds and occasional lifting of 41–50 pounds.

**Termination and Administrative Review**

18. By letter dated November 13, 2024, Prudential closed Plaintiff's LTD claim effective October 27, 2024, with no further benefits payable beyond October 26, 2024.

19. Prudential concluded that Plaintiff could perform her regular occupation and therefore no longer satisfied the disability definition. Its letter relied on medical release evidence and a vocational description of the occupation.

20. Plaintiff challenged that determination through a written first appeal submitted February 11, 2025. Prudential's February 19, 2025 acknowledgment confirmed receipt of a complete appeal on February 11, 2025.

21. The appeal disputed Plaintiff's ability to perform her regular occupation. The administrative review record included medical and functional evidence supporting continuing benefits, including the restrictions described above.

22. During appeal review, Prudential obtained physical and psychological file reviews adverse to Plaintiff. In an April 16, 2025 letter, Prudential stated that it had not yet decided the appeal and provided an opportunity to respond to the additional evidence.

23. Prudential's review attributed lifting of 20–50 pounds to Plaintiff's subsequent caregiver work. Prudential recorded on October 21, 2024 that Plaintiff reported she could not manage an assignment requiring her to help a patient stand. She reported changing to an eight-hour Sunday assignment that involved supervising and feeding a patient and required no lifting or carrying. The general caregiver job description in the claim record describes duties that vary with the assignment; it does not state that lifting requirement or establish Plaintiff's actual assigned tasks. That description does not establish capacity to meet the demands of her regular occupation.

24. By letter dated August 15, 2025, Prudential acknowledged receipt of a complete second, voluntary appeal on August 11, 2025. Prudential's appeal-rights enclosure advised that a claimant could sue after completing the first appeal without pursuing a second appeal.

25. Plaintiff pursued administrative review of the termination, including the first appeal and the second voluntary appeal. She seeks judicial review of Prudential's decision to withhold benefits under the Plan.

26. Plaintiff's return to other work does not itself establish that she could perform her regular occupation. Any disability earnings and later work capacity must be evaluated under the Plan's applicable definitions and working benefit provisions for the relevant period.

**Count One Recovery and Enforcement of Plan Benefits**

ERISA Section 502(a)(1)(B) 29 U.S.C. § 1132(a)(1)(B)

27. Plaintiff incorporates the preceding allegations.

28. Plaintiff was insured under the Plan, submitted proof of disability, and received LTD benefits before Prudential terminated them. Her continuing left arm restrictions supported entitlement under the regular occupation definition beyond October 26, 2024.

29. Prudential improperly terminated benefits by concluding that Plaintiff could perform her regular occupation despite the contrary functional evidence and by treating subsequent work as proof of the lifting capacity required by that occupation without an adequate factual basis.

30. Plaintiff is entitled to payment of the LTD benefits wrongfully withheld for periods in which she satisfies the Plan's requirements, calculated under the applicable benefit formula and lawful offsets, and to enforcement and clarification of her rights under the Plan.

31. Prudential's withholding of benefits has deprived Plaintiff of benefits due under the Plan and requires relief under 29 U.S.C. § 1132(a)(1)(B).

**Request for Relief**

Plaintiff respectfully requests judgment against Prudential:

A. Awarding LTD benefits wrongfully withheld beginning October 27, 2024, for each period in which Plaintiff meets the applicable Plan requirements, less only offsets properly permitted by the Plan;

B. Enforcing Plaintiff's rights under the Plan and clarifying her right to future LTD benefits, including reinstatement to benefit status to the extent warranted under the applicable Plan terms;

C. Awarding appropriate prejudgment interest and postjudgment interest as provided by law;

D. Awarding reasonable attorney's fees and costs under 29 U.S.C. § 1132(g)(1); and

E. Granting such other relief as is appropriate under 29 U.S.C. § 1132(a)(1)(B).

Respectfully submitted,

FEDEN LAW GROUP PLLC
/s/ Nicholas D. Feden
Nicholas D. Feden
Pennsylvania Attorney ID 307902
711 West Avenue
Jenkintown, Pennsylvania 19046
Telephone: (267) 234-7465
Email: nfeden@fedenlawgroup.com
Counsel for Plaintiff
Date: November 11, 2026